# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **VICTOR A. PATE,** | * | Case No. 3:16-cv-475 |
| *Plaintiff,* | * | |
| v. | * | |
| **CITY OF DAYTON, OHIO,** | * | COMPLAINT |
| *Defendant.* | * | |

## PRELIMINARY STATEMENT

1. Plaintiff Victor A. Pate ("Plaintiff") brings this action against Defendant City of Dayton, Ohio ("Dayton") for recovery of unpaid and underpaid overtime wages. Defendant Dayton forced Plaintiff and others to work through lunch and outside of normal working hours (e.g., mandatory weekday stand-by time) without pay for all hours worked. Further, Dayton failed to properly calculate and pay Plaintiff the legally required premium rate of pay for hours Plaintiff worked after forty in each workweek. Dayton's wage-and-hour violations were willful because Dayton previously committed the same or very similar violations. *See In re: City of Dayton Traffic Signal Bureau*, U.S. Department of Labor No. 1254777. In this regard, Plaintiff seeks declaratory relief, back pay, liquidated damages, and reimbursement of his costs and attorneys' fees in prosecuting this action under the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.* and associated regulations) for a period of three years preceding the filing of the Complaint.

## JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Dayton is a municipal corporation based in Montgomery County, Ohio.

## PARTIES

4. Plaintiff has been employed by Dayton, during all times relevant, as an electrician in Dayton's Traffic Signal Bureau.

5. Plaintiff was an "employee" of Dayton as that term is defined in 29 U.S.C. § 203(e).

6. Plaintiff, while employed by Dayton, was engaged in commerce or in the production of goods for commerce because Dayton employed Plaintiff as an electrician, which required Plaintiff to handle equipment, materials, and tools manufactured outside the State of Ohio or the United States.

7. Dayton was, at all times relevant, a municipal corporation incorporated under the laws of the State of Ohio, and it employed Plaintiff in the State of Ohio.

8. Dayton was, at all times relevant, an "employer" as that term is defined in 29 U.S.C. § 203(d).

9. Dayton had, in fiscal years 2012, 2013, 2014, 2015, and 2016, gross tax revenues in excess of $500,000.00 per year and at least two employees performing work in the State of Ohio in each of those years.

10. Dayton, with respect to Plaintiff, was required to comply with 29 U.S.C. § 201 *et seq.* under both individual- and enterprise-coverage principles.

## FIRST CLAIM FOR RELIEF

*(FLSA Violations)*

11. Plaintiff re-alleges and incorporates the above allegations.

2

12. Under 29 U.S.C. § 207, Dayton was obligated to pay Plaintiff for hours worked after forty in each workweek at a wage rate of one and one-half times Plaintiff's regular rate of pay for hours Plaintiff worked in excess of forty hours in each workweek.

13. Plaintiff almost always worked more than forty hours per workweek.

14. Dayton paid Plaintiff, in addition to his base hourly rate of pay, other forms of remuneration including an annual longevity lump sum payment.

15. The annual longevity payments were not gifts or discretionary bonuses within the meaning of the FLSA.

16. Dayton provided the annual longevity payments to Plaintiff as a means of, among other things, paying Plaintiff for services and inducing retention; therefore, the annual longevity payments must have been included in Plaintiff's *regular rate* for determining the pay rate that must have been multiplied by one and one-half to determine the lawfully mandated overtime pay rate.

17. Dayton willfully failed to factor the annual longevity payments into the calculation to determine Plaintiff's *regular rate* of pay between December 2012 (paid in November 2013) through present time.

18. From November 2013 until present, Dayton willfully failed to pay Plaintiff for all hours worked because Dayton would deduct one-half hour for lunch even though Plaintiff was not completely relieved from his duties (if at all) to take a lunch break.

19. From November 2013 until present, Dayton willfully failed to pay Plaintiff for all hours worked because Dayton failed and refused to pay Plaintiff for all his mandatory weekday stand-by time (i.e., fifteen and one-half hours per day), all of which should have been considered hours worked.

20. Dayton does not qualify for an exemption from paying overtime rates to Plaintiff under 29 U.S.C. § 207; 29 U.S.C. § 213; or any other section of law.

21. Because Dayton has willfully failed to pay Plaintiff at least one and one-half times the *regular rate* of pay for all Plaintiff's hours worked after forty in each workweek between November 2013 until present, Dayton owes Plaintiff back wages and an equal amount in liquidated damages.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays that the Court enter an order as follows:

    a.    declaring that Dayton willfully violated the FLSA;

    b.    declaring that Dayton's violations of the FLSA were willful;

    c.    ordering Dayton to pay to Plaintiff FLSA back wages, FLSA liquidated damages, and liquidated damages under Ohio Rev. Code § 4113.15;

    d.    ordering Dayton to pay Plaintiff's attorneys' fees and costs; and

    e.    awarding any other legal or equitable relief it deems just and proper.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
_____
Ryan K. Hymore (0080750) [TRIAL COUNSEL]
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*