# SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton

This **SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is entered into by and between **VICTOR A. PATE** ("Pate" or "Plaintiff"), on the one hand, and **CITY OF DAYTON, OHIO** ("City of Dayton" or "Defendant"), on the other hand (collectively, "the Parties").

## PART 1
## RECITALS

**1.1 THE CIVIL ACTION.** Pate filed a civil action in the United States District Court in the Southern District of Ohio, (the "Court"), styled *Pate v. City of Dayton, Ohio,* Case No. 3:16-cv-475 (hereafter, the "Civil Action").

**1.2 THE CLAIMS.** Pate claimed that under the Fair Labor Standards Act ("FLSA"), he is entitled to recovery of unpaid and underpaid overtime wages from City of Dayton for work done during his employment there from November 2013 until present ("Disputed Wages"), as well as attorneys' fees and costs, FLSA liquidated damages, and liquidated damages under R.C. 4113.15. Defendant disputes Pate's claims, claims that Pate was properly paid everything that he was due, and denies that any additional compensation or other damages are due.

**1.3 PURPOSE.** Pate and City of Dayton desire to avoid further litigation costs and to settle all of Pate's claims alleged in the Civil Action, as well as any and all claims and disputes, known and unknown, that exist or might be claimed to exist by Pate as of the Effective Date of this Agreement against the Released Parties (*see* Part 3.1), including, but not limited to, claims of any nature that have been, or could have been, asserted that arise out of or relate to Pate's employment, terms and conditions of employment, or any other event, transaction, or communication between Pate and City of Dayton.

**NOW, THEREFORE,** the Parties agree as follows:

## PART 2
## SETTLEMENT TERMS

**2.1 SETTLEMENT BENEFIT.** In consideration of the promises made by Pate in this Agreement:

**2.1.1** City of Dayton agrees to pay $10,000.00 as follows: (1) to Victor Pate the sum of $580.08 less applicable withholding and deductions; and (2) to Pate's legal counsel, Mangano Law Offices Co., LPA, the sum of $9,419.92. For purposes of taxes and withholding wages, the sum of $580.08 payable to the order of Victor Pate shall be treated and taxed as an annual wage payment for calendar year 2017. City of Dayton's payroll provider shall specifically enter this payment as an annual (as opposed to a weekly, biweekly, monthly, bimonthly, quarterly, or semiannual) payment of wages. City of Dayton shall report the payment of back wages on a W-2 statement as back wages paid in calendar year 2017. City of Dayton shall report payment of the Settlement Benefit to Pate and Pate's legal counsel to the U.S. Internal Revenue Service.

**2.1.2** The foregoing constitutes the "Settlement Benefit," none of which Pate or his legal counsel would be entitled to receive but for this Agreement and which is provided solely in

21568783.1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton, Inc.

consideration for a dismissal of the Civil Action and a release and waiver of all claims. The Settlement Benefit shall be paid on the schedule set forth in Parts 2.1.2.1.

**2.1.2.1** Within thirty (30) days following the Effective Date of this Agreement (*see* Part 2.3), City of Dayton:  (1) shall pay to Victor Pate the sum of $580.08 less applicable withholding and deductions; and (2) shall pay $9,419.92 to Pate's legal counsel, Mangano Law Offices Co., LPA.

**2.2** **COSTS AND FEES.** Pate shall not be considered a prevailing party for any purpose, including for attorneys' fees under any applicable statute or otherwise. However, the Parties agree that the sum paid to Pate's legal counsel pursuant to this Agreement does not detract from Pate's recovery and would constitute reasonable attorneys' fees and costs incurred by Pate in this litigation. Other than the payment to Pate's legal counsel, each party will pay its own costs and fees.

**2.3** **EFFECTIVE DATE.** Pate's signing of this Agreement shall constitute his execution of this Agreement. Except as otherwise provided herein, the "Effective Date" of this Agreement shall be the date on which the Court approves this Agreement by way of an order.

## PART 3
## RELEASES

**3.1** **GENERAL RELEASE BY PATE.** In consideration of the Settlement Benefit, the sufficiency of which Pate acknowledges, Pate hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, which exist or might be claimed to exist as of the Effective Date of this Agreement against City of Dayton and City of Dayton's subsidiaries, affiliates, divisions, insurers, successor and predecessor entities, and each of their respective current and former employees, directors, officers, agents, attorneys, contractors, and representatives (collectively, all of the foregoing constitute the "Released Parties"), including, but not limited to, all claims alleged in the Civil Action and all claims arising from or relating to Pate's employment with City of Dayton, the terms and conditions of that employment, including compensation, and any other event, transaction, or communication of any type regarding any matter between or concerning Pate and any Released Party.

**3.1.1** Pate hereby forever releases, acquits, holds harmless, and discharges the Released Parties from any and all claims, demands, actions, causes of action, obligations, damages, penalties, costs and expenses (including attorneys' fees and legal costs beyond the amount paid to Pate's legal counsel in Part 2.1.1), known or unknown, contingent or otherwise, whether specifically mentioned or not, that Pate now has or has had or which might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3).

**3.1.2** Pate expressly acknowledges and agrees that this General Release settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, and causes of action, known or unknown, that Pate has or may have as of the Effective Date of this Agreement against any current and former employees, directors, officers, agents, attorneys, contractors, and

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton, Inc.

representatives of City of Dayton in such person's individual and representative capacities. Pate expressly acknowledges that, by signing this Agreement, he may be giving up claims, demands, or causes of action that he may now have, whether known or unknown.

**3.1.3** This General Release includes, but is not limited to, the release of any and all claims or charges that Pate has, or could have, filed against any and all of the Released Parties with any federal, state or local court of law or equity, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the Ohio Bureau of Labor and Worker Safety, the Ohio Civil Rights Commission, or any other federal, state or local agency under: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Civil Rights Act of 1991, P.L. 102-166; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*; the Equal Pay Act of 1963, 29 U.S.C. §§ 206(d) and 216(b); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634, as amended by the Older Workers' Benefit Protection Act, P.L. 101-433; the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. § 2101, *et seq.*; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Occupational Safety and Health Act, 29 U.S.C. §§ 651-678; the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.*; the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; the Labor Management Relations Act, 29 U.S.C. §141, *et seq.*; the Ohio Civil Rights Act, R.C. § 4112.01, *et seq.*; the Ohio Minimum Fair Wage Standards Act, R.C. § 4111.01, *et seq.*; Article II, Section 34a of Ohio's Constitution; Ohio's Workers' Compensation Retaliation statute, R.C. § 4123.90; the Ohio Occupational Safety and Health Act, R.C. § 4123.90, *et seq.*; federal, state and local occupational, safety and health laws; and any other claims of employment discrimination, disparate treatment, hostile work environment, sexual, racial or other unlawful harassment, retaliation, whistle-blowing, intentional or negligent infliction of emotional distress, defamation, invasion of privacy, tortious interference with contractual relations, wrongful discharge, constructive discharge, outrage, promissory estoppel, claims or demands arising under either express or implied contract, breach of contract, tort, public policy, the common law or any federal, state or local statute, ordinance, regulation or constitutional provision (including, but not limited to, the laws of the State of Ohio), and all other liabilities, suits, union or other grievances, debts, claims for lost wages or benefits, overtime, unpaid wages or benefits, back pay, front pay, compensatory or punitive damages, actual damages, consequential damages, incidental damages, damages for emotional distress, damages for humiliation or embarrassment, contractual damages, penalties, damages in *quantum meruit*, expectation or for detrimental reliance, injunctive relief, severance pay, costs, reinstatement, attorneys' fees, business expenses, commissions, bonuses, incentive compensation, vacation pay, pension benefits, payment or reimbursement under any health insurance or other employee benefit plan or agreement, insurance premiums or other sums of money, grievances, expenses, demands, and controversies of every kind and description, whether liquidated or unliquidated, known or unknown, contingent or otherwise and whether specifically mentioned or not, against any and all Released Parties that Pate now has or has had or that may exist or that might be claimed to exist at or prior to the Effective Date of this Agreement (*see* Part 2.3). Pate specifically waives any claim or right to assert that any cause of action, alleged cause of action, claim, demand, charge, or other

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton, Inc.

right of Pate has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

**3.1.4**  With respect to any rights that Pate may have or have had under the FLSA, R.C. Chapter 4111 and 4113, the Ohio Constitution, or any of them, Pate acknowledges and avers that he has received all compensation to which he is or may have ever been entitled, including all regular and overtime wages, as of the Effective Date of this Agreement, and that in order to avoid further litigation expenses over the Disputed Wages, City of Dayton has now paid such Disputed Wages to him and is in full compliance with those and all other laws regarding his employment at City of Dayton as of the Effective Date of this Agreement.

**3.1.5**  In consideration of the Dismissal and Release of Claims and Additional Pate Promises (*see* Part 4), the sufficiency of which City of Dayton acknowledges, Pate hereby settles, waives, releases, and discharges any and all legal and equitable claims, demands, actions, or causes of action, known or unknown, that Pate has or may have as of the Effective Date of this Agreement, including, but not limited to, all claims arising from or relating to Pate's employment with City of Dayton, the terms and conditions of that employment, and any other event, transaction, or communication of any type regarding any matter between or concerning Pate and any Released Party.

## PART 4
## ADDITIONAL PATE PROMISES

**4.1**  PATE'S REPRESENTATIONS.  Pate represents and certifies that, with the exception of the Civil Action, *Pate v. City of Dayton, Ohio,* Case No. 3:16-cv-475 in the United States District Court for the Southern District of Ohio, Pate has not filed or otherwise initiated any complaint, charge, or other action against any Released Party in any local, state, or federal court, or with any local, state, or federal administrative agency or board, relating to any event occurring prior to or on the Effective Date of this Agreement.  In exchange for the Settlement Benefit, Pate makes the promises contained in this PART 4.

**4.2**  DISMISSAL OF CLAIMS.  Pate will, after the Effective Date of this Agreement, dismiss with prejudice the Civil Action, Case No. 3:16-cv-475, and any other litigation against any and all of the Released Parties, if any such litigation has been filed, and agree not to file any litigation against any of the Released Parties on his or anyone else's behalf for any claims existing as of the date of his execution of this Agreement.  Pate's counsel will provide to City of Dayton's counsel a Notice of Dismissal with Prejudice of the Civil Action, Case No. 3:16-cv-475, which City of Dayton's counsel is authorized to file with the applicable Court upon the final payment of the Settlement Benefit.

**4.3**  COMPLETE RELEASE.  It is the specific intent and purpose of this Agreement to release and discharge the Released Parties from liability for any and all claims, employment discrimination charges, retaliation claims, and causes of action of every kind and nature whatsoever, whether known or unknown and whether or not specifically mentioned herein, which may exist or might be claimed to exist against the Released Parties at or prior to the Effective Date of this Agreement, and Pate specifically waives any claim or right to assert that

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton, Inc.

any cause of action or alleged cause of action or charge has been, through design, oversight, or error, intentionally or unintentionally, omitted from this Agreement.

**4.3.1** Pate expressly agrees that this Agreement shall extend and apply to all unknown, unsuspected, and unanticipated injuries and damages, as well as to those that are known, suspected, anticipated, or disclosed as of the Effective Date of this Agreement. Pate expressly agrees that any and all facts, circumstances, and events occurring prior to the Effective Date of this Agreement cannot and shall not be used by Pate as part of any future proceeding against the Released Parties.

**4.4** NON-ADMISSION. Pate agrees that this Agreement is entered into solely for the purpose of compromising and settling his claims and as a full and final settlement of any and all claims, demands, actions, and causes of action, known or unknown, which he has or may have against the Released Parties. Pate further acknowledges and agrees that this Agreement is not and shall not be construed in any manner as an admission of any liability or obligation on the part of any and all Released Parties of any policy or local, state or federal common or statutory law, or as evidence of any violation of or non-compliance with any statute or law. Pate further agrees that this Agreement and any and all communications relating to it are inadmissible by Pate in any legal proceeding brought by or on behalf of him.

**4.5** CLAIMS NOT ASSIGNABLE. Pate represents and warrants that no person other than Pate is authorized or entitled to assert any claim based on or arising out of any alleged discriminatory, unlawful, wrongful, tortious, or other conduct toward Pate by any and all Released Parties, including, but not limited to, any and all claims for attorneys' fees or damages resulting from or based upon, or seeking relief on account of, any act or omission by any and all Released Parties that may have occurred or failed to occur prior to Pate's execution of this Agreement. Pate agrees that he has not assigned and shall never assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, Pate will cooperate fully with the Released Parties and will move immediately to withdraw Pate's name and to disassociate Pate's self completely from such claim, will request such person or entity to withdraw such claim with prejudice and will not voluntarily cooperate with or testify on behalf of the person or entity prosecuting such claim.

## PART 5
## MISCELLANEOUS PROVISIONS

**5.1** LEGAL RIGHTS; SEVERABILITY. This Agreement shall be binding on and inure to the benefit of the Parties' legal representatives, heirs, successors, and assigns, and shall inure to the benefit of all Released Parties. The Parties and the Released Parties shall have all of the rights and remedies available at law and equity to enforce their respective rights under this Agreement. No action by either Party shall be taken as a waiver of its right to insist that the other Party abide by the obligations under this Agreement, unless such waiver is in writing, expressly waives such rights, and is signed by legal counsel for the Party making such waiver. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and any illegal, invalid, or unenforceable part, term, or

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton, Inc.

provision shall be deemed not to be a part of this Agreement. In such event, the Parties agree that such court may impose any lesser restrictions it finds appropriate to protect the interests of Pate and the Released Parties.

     **5.2** **CHOICE OF LAW.** This Agreement is made and entered into in the State of Ohio, and shall in all respects be interpreted, enforced, and governed by the laws of the State of Ohio. The language of all parts of this Agreement shall in all cases be interpreted as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

     **5.3** **CHOICE OF FORUM.** Pate and City of Dayton agree that the United States District Court for the Southern District of Ohio shall retain subject matter and personal jurisdiction with respect to any claim or controversy arising out of or relating to this Agreement, Pate's employment with City of Dayton, or any other event, contact or communication involving Pate and the Released Parties, and the Parties agree to waive any argument of lack of subject matter or personal jurisdiction, or *forum non-conveniens,* or improper venue.

     **5.4** **ENTIRE AGREEMENT.** This Agreement constitutes and sets forth the entire agreement between the Parties and supersedes any and all prior and contemporaneous oral or written agreements or understandings between them. The Parties agree with the exception of a separate agreement by Pate's legal counsel to City of Dayton, no representation, promise, inducement, or statement of intention has been made by another that is not expressly set forth in this Agreement. No Parties to this Agreement shall be bound by, or liable for, any alleged representation, promise, inducement, or statement of intention not expressly set forth in this Agreement. This Agreement cannot be amended, modified, or supplemented in any respect, except by a subsequent written agreement signed by all Parties.

     **5.4.1** **JUDICIAL APPROVAL AND RETAINED JURISDICTION.** The effectiveness of this Agreement is contingent upon the Court's granting of the Parties' Joint Motion for Approval of the Settlement Agreement. The Court shall retain jurisdiction over the Agreement.

     **5.5** **INDEPENDENT LEGAL ADVICE.** Pate and City of Dayton acknowledge that each has read this Agreement carefully and in its entirety, that respective counsel have reviewed it and advised them about it, that they fully understand its terms, and that they freely, voluntarily and knowingly enter into it without any coercion, undue influence, or intimidation of any kind.

     **5.6** **ATTORNEYS OF RECORD.** For the purposes of this Agreement, the attorneys of record are:

          **For Pate**
          Ryan K. Hymore (0080750)
          MANGANO LAW OFFICES, CO., LPA
          3805 Edwards Road, Suite 550
          Cincinnati, Ohio 45209
          Tel: (513) 255-5888
          Fax: (216) 397-5845
          Email: rkhymore@bmanganolaw.com

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

Pate v. City of Dayton, Inc.

**For City of Dayton**

John C. Musto (0071512)
Leonard J. Bazelak (0064023)
CITY OF DAYTON LAW DEPARTMENT
101 West Third Street
P.O. Box 22
Dayton, Ohio 45402
Tel: (937) 333-4100
Fax: (937) 333-3628
Email: john.musto@daytonohio.gov

Timothy G. Pepper (0071076)
TAFT STETTINIUS & HOLLISTER LLP
40 North Main Street, Suite 1700
Dayton, Ohio 45423-1029
Tel: (937) 641-1740
Fax: (937) 228-2816
Email: pepper@taftlaw.com

IN WITNESS WHEREOF, the parties hereunto have caused this Settlement Agreement to be duly executed this 30th day of November 2017.

**Victor Pate.**

_____
Date: 11/22/17

**City of Dayton, Ohio.**

By: Shelley Dickstein
Date: November 30, 2017

APPROVED AS TO FORM AND CORRECTNESS

_____
CITY ATTORNEY

**No Commission Action Required**

7